**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CROWLEY LINER SERVICES, INC.,

    Plaintiff,

vs.                                                                               CASE NO. 3:08-cv-195-J-25TEM

OWENS-ILLINOIS DE PUERTO RICO, LLC,

    Defendant.
_____

**O R D E R**

This case is before the Court on Defendant's Motion Announcing Legal Representation, Request to Lift Entry of Default and for Extension of Time to File Responsive Pleading (Doc. #9), filed April 24, 2008. Defendant avers Plaintiff's counsel has no objection to the sought relief (Doc. #9 at 2).

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524,528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside an entry of default. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits. *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993), *citing Rasmussen v. W.E. Hutton & Co.*, 152 F.R.D. 231, 233 (N.D. Ga. 1975), *citing McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).

The good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export-Import v. Compania Dominicana de Avacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* Courts have held that a good faith procedural error is not willful and is good cause for setting aside an entry of default. *See, e.g., In re Johnson*, 1991 WL 11002465, Case Nos. 90-11663, 91-1068 (Bankr. S.D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).

In the instant case, Defendant submits good cause to set aside the Clerk's default exists because Plaintiff served National Registered Agents, Inc., who notified Owens-Illinois, Inc. of the lawsuit rather than Owens-Illinois de Puerto Rico, LLC (Doc. #9 at 2). Defendant states the companies are related but are separate business entities. Consequently, Defendant's counsel states the deadline to answer the complaint passed before the proper defendant was notified of the summons and was able to retain counsel.

Under the facts in this matter, the Court finds good cause to set aside the Clerk's default entered on April 11, 2008.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Motion to Set Aside Default (Doc. #9) is **GRANTED**.

2. Defendant's responsive pleading shall be filed not later than **May 27, 2008.**

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of May, 2008.

Copies to counsel of record
and *pro se* parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge